[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13013

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TEVIN SHANE SOUFFRANC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60069-RKA-1

_____

_____

No. 22-13044

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TEVIN SHANE SOUFFRANC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60064-RKA-1

_____

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

These consolidated cases are before us on the government's motions to dismiss Tevin Souffranc's direct appeals based on the sentence appeal waivers within his plea agreements. The

government alternatively moves this Court for summary affirmance. Upon review of the record, we grant the government's motions to dismiss, and deny as moot the government's motions for summary affirmance.

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

### A.  *Southern District of Florida, Case No. 22-13013*

In March 2021, a federal grand jury in the Southern District of Florida returned an indictment charging Souffranc with one count of attempted carjacking, two counts of substantive carjacking, three counts of brandishing a firearm during a crime of violence, and one count each of kidnapping, bank robbery, attempted kidnapping, and attempted bank robbery (herein after, "S.D. Fla. case").

In April 2022, Souffranc entered into a plea agreement with the government in which he agreed to plead guilty to kidnapping, bank robbery, carjacking, and two counts of brandishing a firearm during a crime of violence, in exchange for, among other things, the government dismissing the remaining charges. Regarding the terms of imprisonment, the plea agreement explained that: the two charges of brandishing a firearm during a crime of violence each carried a minimum term of imprisonment of seven years and maximum term of life imprisonment; the kidnapping charge carried a maximum term of life imprisonment; the bank robbery charge carried a maximum term of imprisonment of twenty years; and the carjacking charge carried a maximum term

of imprisonment of fifteen years. It additionally informed Souffranc that the two counts of brandishing a firearm during a crime of violence had to run consecutively to each other and the other charges, which would result in a minimum consecutive sentence of fourteen years.

The plea agreement also included an appeal waiver which informed Souffranc that he was waiving his right to appeal any sentence imposed, any restitution order, or the manner in which the sentence was imposed unless the sentence exceeded the maximum permitted by law or was the result of an upward departure or variance from the advisory guideline range. The plea agreement also informed Souffranc that his appeal waiver did not impact the government's right to appeal and explained that, should the government appeal, Souffranc would be released from the waiver. Additionally, the plea agreement explained that Souffranc was waiving his right to assert any claim that the statutes to which he was pleading guilty were unconstitutional or that his admitted conduct was outside the scope of those criminal statutes.

## B.  *Middle District of Florida, Case No. 22-13044*

In February 2022, the government filed an information in the Middle District of Florida charging Souffranc with one count of bank robbery and one count of attempted bank robbery. Souffranc waived an indictment in that case and consented to transfer the case to the Southern District of Florida to enter his plea and be sentenced. ("M.D. Fla. case").

In April 2022, Souffranc entered a plea agreement wherein he agreed to plead guilty to both counts in the M.D. Fla. case. In exchange, the government agreed to recommend that the district court sentence him concurrently with the sentences it imposed in the S.D. Fla. case. Again, the plea agreement informed Souffranc of the maximum terms of imprisonment he faced on each count—twenty years' imprisonment. It also included the same appeal waiver from the S.D. Fla. case.

### C.  Consolidated Proceedings

Thereafter, the S.D. Fla. case and the M.D. Fla. case proceeded together. The district court then held a change of plea hearing for both cases. Under oath, Souffranc testified that he was 28 years old, completed school through his freshman year of college, read and wrote English, and was a citizen of the United States. He stated that he had never been treated for addiction and was not under the influence of any drugs or alcohol. He explained that he was diagnosed with bipolar disorder and post-traumatic stress disorder in 2019 and was receiving ongoing treatment, and that he took two prescription medications for his bipolar disorder that he had not yet taken that day. Souffranc expressed that he did not suffer from any physical or mental condition that would prevent him from understanding everything during the plea colloquy.

As to the M.D. Fla. case, Souffranc confirmed that he understood that he had the right to have a grand jury review the charges against him and return an indictment, but he otherwise waived that right when he waived the indictment. He confirmed that he

understood the basis of the charges against him as outlined in the information for the M.D. Fla. case and in the indictment for the S.D. Fla. case. He stated that he spoke to his attorney about both cases, including reviewing the charges and discussing possible defenses or strategies, and confirmed that he was satisfied with his lawyer.

Next, the district court asked Souffranc if he had reviewed the plea agreements with his lawyer and understood them, and Souffranc confirmed that he had done so and had no questions. He also stated that he understood that he was pleading guilty to the counts outlined in both plea agreements. He acknowledged that, in exchange for his guilty plea, the government agreed to dismiss the remaining counts in his S.D. Fla. case. He also confirmed that he understood that his sentence would be computed using the United States Sentencing Guidelines, and he had discussed the guidelines with his attorney. The district court informed Souffranc that the guidelines were advisory and that the court was permitted to impose a sentence within, below, or above the guidelines range. It emphasized that it could impose a sentence on Souffranc that was outside the high end of the guideline's range, and that Souffranc could not withdraw his guilty plea if that occurred, which Souffranc confirmed he understood.

The district court discussed the minimum and maximum terms of imprisonment Souffranc faced in both cases and emphasized that it could impose all penalties concurrent to or consecutive with each other. It also informed Souffranc that two charges in the S.D. Fla. case had to run consecutive to each other and all other

counts.  Souffranc affirmed that he understood the mandatory minimum and maximum terms of imprisonment he faced.

As to the appeal waiver, the district court informed Souffranc that both plea agreements included appeal waivers that prohibited him from appealing the sentence that it imposed or the manner in which it imposed the sentence.  The court explained to Souffranc that he was waiving his right to appeal the sentence, including the terms of imprisonment, supervised release, fines, restitution, forfeitures, and special assessments.  The court also explained to Souffranc the three narrow exceptions to his appeal waiver that would allow him to appeal his sentences.

Sourffranc confirmed his understanding of the entirety of the appeal waivers and the exceptions.  He also confirmed that no one forced or threatened him to give up his appellate rights or made any promises to him, other than what was in the plea agreement, to convince him to waive his appellate rights, and he confirmed that he discussed his appeal waivers with his attorney.  Souffranc also confirmed that he was waiving his appellate rights in exchange for the government's offers in the plea agreements because he believed it was the best outcome in his case.

Ultimately, the district court found that Souffranc knowingly, intentionally, and voluntarily waived his right to appeal; that his appeal waiver was not made due to threats of force or coercion, inappropriate promises or guarantees; and the waiver was made after adequate consultation with counsel.  The district court further

informed Souffranc of the trial rights that he was waiving by pleading guilty, which Souffranc stated that he understood.

The government set forth the factual basis for the charges in both cases. Following a small correction, Souffranc agreed that the factual basis was true and that the government could prove his guilt beyond a reasonable doubt as to the charged offenses. Souffranc pled guilty to all counts included in the plea agreements, and the district court adjudicated him guilty after finding that he was competent and capable of entering an informed plea and the plea was supported by an independent factual basis.

Before sentencing, a probation officer prepared a presentence investigation report ("PSI"), which calculated Souffranc's guideline sentences. The PSI calculated a total offense level of 32 and a criminal history category of V, putting the guideline sentencing range as 188 to 235 months' imprisonment for all charges in both cases, except the two firearms offenses in the S.D. Fla. case. As to the firearm offenses, Souffranc's minimum term of imprisonment was seven years, his maximum term was life, and each had to run consecutively to each other and any other term of imprisonment.

Souffranc objected, in relevant part, to the two-level enhancement he received for injuring the victim of his carjacking. At sentencing, the government opposed Souffranc's objection and presented the victim to testify about the injuries she sustained. Ultimately, the district court overruled Souffranc's objection because

the victim's testimony was undisputed, and it believed the victim's testimony was true as to the nature and extent of her injuries.

The district court then determined that Souffranc's offense level was 32 and his criminal history category was V, resulting in a guideline sentencing range of 188 to 235 months' imprisonment. The probation officer noted that, in addition to the guideline range, Souffranc faced an additional consecutive 168 months' imprisonment.

The court ultimately sentenced Souffranc to a total of 360 months' imprisonment. The sentence consisted of 192 months as to the kidnapping, bank robbery, and carjacking charges, to be served concurrently with each other, and eighty-four months as to each firearm offense, to run consecutively to each other and to the kidnapping, bank robbery, and carjacking charges. As to M.D. Fla. Case, the court imposed 192 months' imprisonment for each count, to run concurrently with the sentences for the S.D. Fla. case's kidnapping, bank robbery, and carjacking charges, and consecutively to the S.D. Fla. case's firearm offenses. The district court also imposed three years of supervised release as to all counts, set to run concurrently. Finally, the district court denied Souffranc's request for a variance, citing Souffranc's violent criminal history, specifically of violence against women, and the victims in the present case. Despite his appeal waivers, these appeals followed.

## II.    ANALYSIS

We review *de novo* a sentence appeal waiver's validity. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence

appeal waiver will be enforced if it was made knowingly and voluntarily. *Id.* To establish that the waiver was made knowingly and voluntarily, the government must show either that: "(1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." *Id.* (citing *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).

"[T]he touchstone for assessing" whether a defendant entered a waiver knowingly and voluntarily is whether the district court "clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (brackets and emphasis omitted) (quoting *Bushert*, 997 F.2d at 1352-53). An appeal waiver may waive "the right to appeal difficult or debatable legal issues or even blatant error." *Id.* at 1191 n.5 (internal quotation marks omitted) (quoting *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005)). Further, even "a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver." *United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006).

However, a sentence appeal waiver does not completely bar appellate review because review may be available despite a valid appeal waiver when the defendant was "sentenced entirely at the whim of the district court," above the statutory maximum, or based on a constitutionally impermissible factor. *Johnson*, 541 F.3d

at 1068 (internal quotation marks omitted) (quoting *Bushert*, 997 F.2d at 1350).  We have also noted that extreme circumstances, "for instance, if the district court had sentenced [the defendant] to a public flogging," may implicate due process and require that the defendant be allowed to appeal despite a valid appeal waiver.  *Id.* (internal quotation marks omitted) (quoting *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999)).  Nevertheless, a defendant is "free to bargain away his right to raise constitutional issues" on appeal.  *Bascomb*, 451 F.3d at 1297.

Here, Souffranc appeals his convictions despite his appeal waivers, arguing that: the district court violated his due process rights by relying on the victim's statements during the sentencing hearing; carjacking is not a qualifying crime of violence under 18 U.S.C. § 924(c); the district court did not adequately explain his appeal waiver; and that, regardless of the appeal waiver, this Court should review his challenges in the interest of justice.  The government moves to dismiss Souffranc's appeals due to his appeal waivers, and alternatively moves for summary affirmance.

We grant the government's motions to dismiss because Souffranc knowingly and voluntarily entered into the appeal waivers contained within his plea agreements and none of his arguments fall within the narrow exceptions that allow him to appeal. The district court extensively examined Souffranc to ensure he understood the terms and consequences of the appeal waivers. Souffranc's responses clearly indicated that he understood the appeal waivers and intended to enter into the plea agreements.

*Johnson*, 541 F.3d at 1066; *Boyd*, 975 F.3d at 1192. Souffranc's challenges against the district court's consideration of the victim's statements during sentencing and his carjacking conviction fall directly within the types of issues he knowingly and voluntarily agreed he could not raise on appeal.

Therefore, because (1) Souffranc's sentences fall within the guidelines range, (2) the district court did not sentence him above the statutory maximum, and (3) the government did not appeal, Souffranc's challenges to his sentences fall outside the enumerated exceptions to his appeal waiver. Thus, the government's motions to dismiss based on the appeal waiver are due to be granted, and we have no need to consider the government's alternative motions for summary affirmance.

### III.   CONCLUSION

For the reasons set forth above, we **GRANT** the government's motions to dismiss Souffranc's appeals, and **DENY AS MOOT** the government's motions for summary affirmance.[1]

---

[1] The government also moved to stay the briefing schedule, which is denied as moot.